IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, U.S. ex rel, ) | CASE NO. 8:07CV361 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| UNITED STATES ATTORNEY, ) | |
| INTERNAL REVENUE SERVICES, ) | |
| and FEDERAL BUREAU OF ) | |
| INVESTIGATIONS, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Billy Roy Tyler, a nonprisoner, filed his pro se complaint on September 13, 2007. (Filing No. 1.) Plaintiff has been provisionally given leave to proceed in forma pauperis. The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

I.  **INITIAL REVIEW OF COMPLAINT**

   A.  **Summary of Complaint**

The plaintiff's complaint seeks a writ of mandamus compelling the respondents to investigate, arrest, and prosecute an attorney who was disbarred by the Nebraska Supreme Court in February 2007 for misappropriating client funds. See <u>State ex rel. Counsel for Discipline of Nebraska Supreme Court v. Williams,</u> 273 Neb. 53, 727 N.W.2d 235 (2007). The plaintiff alleges the attorney "never paid one penny of taxes on the purloined" client funds. The plaintiff claims he has approached each respondent to initiate tax collection proceedings, but "each respondent refuses to discharge their functions." Filing No. 1.

### B. Applicable Legal Standards on Initial Review

The court is required to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Moreover, federal district courts are courts of limited jurisdiction, with the extent of that jurisdiction defined by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986) (citing Marbury v. Madison, 1 Cranch 137, 5 U.S. 137 (1803). Lack of subject matter jurisdiction may be raised at any time by the court on its own initiative. Fed. R. Civ. P. 12(b)(1) and 12(h)(3); Clark v. Paul Gray, Inc., 306 U.S. 583 (1939).

### C. Discussion of Claims.

"A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." Castillo v. Ridge, 445 F.3d 1057, 1060 (8th Cir. 2006).

"The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted). "Where the right of the petitioner is not clear, and the duty of the officer, performance of which is to be commanded, is not plainly defined and

peremptory, mandamus is not an appropriate remedy." United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 543 (1937).

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Accordingly, the plaintiff has no right to the relief he seeks. The defendants do not owe the plaintiff any duty to investigate and pursue criminal charges against a third person who has allegedly failed to pay her federal taxes. See e.g. The Confiscation Cases 74 U.S. 454, 462 (1868)(holding informer had no standing to object to U.S. Attorney General's discretionary dismissal of a criminal case where the informer was not a party).

Moreover, the defendants do not have a nondiscretionary duty to pursue the criminal investigation described in the plaintiff's complaint. Deciding whether, when, and to what extent, the government should investigate and pursue criminal charges for collection of taxes is clearly within the investigatory and prosecutorial discretion of the defendant agencies. A writ of mandamus cannot be issued to control the exercise of this discretion. See Otero v. U.S. Atty. Gen., 832 F.2d 141 (11th Cir. 1987)(holding writ of mandamus could not issue to compel investigation and prosecution of former Florida state attorney); Gant v. F.B.I., 992 F.Supp. 846 (S.D. W.Va. 1998)(holding no writ of mandamus will issue to compel FBI to perform discretionary responsibilities of investigating criminal violations); Whittle v. Moschella, 756 F.Supp. 589, 597 (D.D.C. 1991)(dismissing plaintiff's mandamus action against Department of Justice and the Federal Bureau of Investigation because neither of these agencies, nor any other official or agency of the United States owed the plaintiff a nondiscretionary duty to investigate his brother's death); Wiese v. I.R.S., 1985 WL 5971, *1 (D. Neb. 1985)(dismissing mandamus complaint seeking an order compelling

the IRS to expunge all "tax protester" references from the plaintiff's records); Powell v. Katzenbach, 359 F.2d 234 (D.C. Cir. 1965)(dismissing action to compel the Attorney General to invest and prosecute banks).

28 U.S.C. § 1361 is a jurisdictional statute which vests the district court with jurisdiction to issue a writ of mandamus compelling an officer or employee of the United States to perform a duty. However, "no power or jurisdiction is vested in this court to control, whether by writ of mandamus or otherwise, the exercise by the United States Attorney of the discretion and judgment which the law entrusts to him in the prosecution of persons suspected of the violation of the laws of the United States." Howell v. Brown, 85 F.Supp. 537, 538 (D. Neb. 1949).

IT IS ORDERED:

1. The above-entitled case and the plaintiff's complaint are dismissed for lack of subject matter jurisdiction; and

2. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 16th day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge